IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RACHAEL N. SCHULTZ,

                                    Plaintiff,

OPINION AND ORDER

13-cv-111-bbc

    v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Rachel Schultz's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. The administrative law judge found that plaintiff's degenerative disc disease, headaches and fibromyalgia were severe impairments but that she was not disabled because she could perform a range of sedentary jobs. Plaintiff argues that the administrative law judge made two errors in his decision that require reversal: (1) he did not adequately consider the opinion of plaintiff's chiropractor; and (2) he did not adequately consider the severity of plaintiff's fibromyalgia.

      Although the commissioner filed a brief in opposition that addressed both of plaintiff's arguments, plaintiff did not file a reply brief or even a letter stating that she stands on the arguments in her opening brief. Her silence is puzzling in light of case law stating that a failure to file a required response may qualify as waiver. Bonte v. U.S. Bank, N.A.,

1

624 F.3d 461, 466 (7th Cir. 2010); Wojtas v. Capital Guardian Trust Co., 477 F.3d 924, 926 (7th Cir. 2007); Cincinnati Insurance Co. v. Eastern Atlantic Insurance Co., 260 F.3d 742, 747 (7th Cir. 2001). Regardless whether plaintiff has waived her appeal, I conclude that she has failed to show that the administrative law judge erred on either issue that she raises.

BACKGROUND

Plaintiff Rachael Schultz was born in February 1979. AR 23. In the past, she has worked as a teacher's aid, short order cook and gas station cashier. AR 92.

In March 2010, plaintiff filed an application for disability insurance benefits and supplemental security income, identifying December 23, 2000 as the date she became disabled. AR 194. On January 9, 2012, plaintiff received a hearing before administrative law judge Thomas J. Stanzi. AR 48-91.

In a decision dated January 25, 2012, the administrative law judge denied plaintiff's claim. AR 16-26. He found that plaintiff had not engaged in substantial gainful activity since December 23, 2000, that plaintiff had severe impairments in the form of degenerative disc disease, headaches and fibromyalgia but that plaintiff's impairments did not render her disabled as a matter of law. AR 18-19.

After summarizing the medical records, the administrative law judge considered plaintiff's credibility, concluding that it was undermined by her failure to comply with recommended treatment and inconsistencies between her alleged limitations and her daily

activities. AR 22. With respect to noncompliance, he noted that, in December 2001, plaintiff had failed to engage in recommended occupational therapy, on the ground that she was "extremely busy." Id. In addition, she chose not to take multiple medications that had been prescribed to treat her pain. Id. The administrative law judge concluded that plaintiff's failure to comply with her treatment "suggests that her symptoms may not have been as limiting as the claimant has alleged." Id.

With respect to plaintiff's daily activities, the administrative law judge noted that plaintiff was working as a part time substitute teacher with special needs children. Id. In addition, plaintiff stated that she drives, cooks, does dishes and laundry, shops, attends church and goes for walks. Id. Medical records reflected that plaintiff cares for three young sons, leads a Cub Scouts troop, babysits, shovels snow and lifts children at school, roller skates and moves furniture. Id.

The administrative law judge considered the medical opinions next. Plaintiff did not provide an opinion from a treating physician. Although plaintiff asked one of her treating physicians to give an opinion that she was permanently disabled, the physician stated that she "was uncomfortable signing any document for permanent disability for her." AR 21.

The administrative law judge gave little weight to the opinion of Kristin Vike-Steinich, a chiropractor who began treating plaintiff in 2010, on the ground that the opinion was inconsistent with plaintiff's activity levels. AR 22. He gave some weight to the opinions of the state agency medical consultants, who determined that plaintiff could perform sedentary work. AR 23.

In light of this evidence and plaintiff's testimony at the hearing, the administrative judge determined that plaintiff could perform sedentary work, with the added limitations that she is limited to frequent bilateral reaching and handling, occasional bilateral pushing or pulling and occasional climbing of ramps, stairs, ladders, ropes and scaffolds. AR 19.

As a result of these limitations, the administrative law judge found that plaintiff could not perform her past work as a teacher aid, short order cook or gas station attendant because those required an ability to do light work. AR 23. However, the administrative law judge relied on the testimony of a vocational expert to find that someone of plaintiff's age, with her education, work experience and limitations could perform work as an order clerk, a call out operator and a surveillance system monitor and that a significant number of these jobs existed in the Wisconsin economy. AR 24.

Plaintiff filed a request for review with the Appeals Council, which denied her request. AR 1-5.

## OPINION

### A. Medical Opinion

The administrative law judge gave the opinion of plaintiff's chiropractor "little weight" on the ground that it was inconsistent with the activities that both the chiropractor and plaintiff admitted that plaintiff could perform:

> The claimant's chiropractor, Dr. Kristin Vike-Steinich, completed a fibromyalgia questionnaire for the claimant. In this form Dr. Vike-Steinich indicated that she had been treating the claimant since September 2010 and had made the claimant's pain more manageable. However, she also indicated

>that the claimant could never lift less [sic] than ten pounds and would be absent from work more than three times a month due to her pain. I give this opinion little weight, as it is inconsistent with the claimant's activity levels. In her own progress notes, Dr. Vike-Steinich consistently recorded how busy the claimant was doing chores around her home, shoveling snow, and working at the school with special needs children. She also noted the claimant recreating by riding her bike, riding a motorcycle, and traveling to Minnesota. Finally, the claimant self reported on a chiropractic form that her pain only caused her to do less rather than prohibited her from doing anything as Dr. Vike-Steinich has indicated in her opinion.

AR 22-23 (citations omitted).

I will assume as the parties do that the administrative law judge was required to consider the chiropractor's opinion even though she is not a physician. SSR 06-03p ("Opinions from these medical sources [such as chiropractors], who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). However, even with respect to a treating physician, an administrative law judge may reject an opinion if he gives a "good reason" for doing so. White v. Apfel, 167 F.3d 369, 375 (7th Cir.1999).

In this case, plaintiff does not deny that a finding that she cannot lift even ten pounds is inconsistent with activities such as shoveling snow, doing chores and taking care of children. She also does not deny that inconsistencies such as those found by the administrative law judge are good reasons for rejecting an opinion. Cf. Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004) (administrative law judge may give less weight to treating physician's opinion if it is internally inconsistent).

That should be the end of it, but plaintiff raises three alternative arguments for

5

challenging the administrative law judge's handling of the chiropractor's opinion. First, plaintiff cites <u>Scott v. Astrue</u>, 647 F.3d 734, 740 (7th Cir. 2011), for the proposition that an administrative law judge may not "cherry pick" the evidence to support a denial of benefits. Plaintiff then cites various complaints that she made to chiropractor regarding her headaches, lack of sleep and other limitations, which she says the administrative law judge ignored. AR 741-52.

<u>Scott</u> is not on point. The administrative law judge did not reject the chiropractor's opinion on the ground that there was no evidence that plaintiff complained to the chiropractor about her symptoms, but because the chiropractor's opinion was inconsistent with what plaintiff had admitted she could do. None of the evidence plaintiff cites suggests that she is unable to lift ten pounds under any circumstances, so it does not undermine the administrative law judge's finding of a conflict.

Second, plaintiff says that the administrative law judge misconstrued the chiropractor's opinion to be that plaintiff's "pain . . . prohibited her from doing anything." AR 23. Although plaintiff is correct that the chiropractor did not state that there literally was nothing that plaintiff could do, it would be absurd to read the administrative law judge's statement literally because, earlier in the same passage, the administrative law judge acknowledged the chiropractor's opinion that she "had made the claimant's pain more manageable." Accordingly, I agree with the commissioner that the passage is best read as a restatement of the administrative law judge's previous observations regarding the chiropractor's opinion that plaintiff could not lift even ten pounds and would miss more

than three days of work each month and thus would be unable to work.

Finally, plaintiff says that the administrative law judge did not consider the factors listed in 20 C.F.R. §§ 404.1527 and 416.927 for determining the weight to be given to a medical opinion. These factors include the length and extent of the plaintiff's relationship with the physician, the frequency of examination, the physician's speciality, the type of tests performed and the "consistency" and "supportability" of the physician's opinion.

Plaintiff fails to acknowledge that the regulations she cites apply to opinions of "acceptable medical sources," which do not include chiropractors. 20 C.F.R. § 404.1513. In any event, plaintiff fails to explain how any of the factors would support a conclusion to give the chiropractor's opinion more weight. Accordingly, I conclude that plaintiff has failed to show that the administrative law judge erred in giving little weight to the chiropractor's opinion.

B. Fibromyalgia

The last two pages of plaintiff's brief is devoted to a section that she calls, "The ALJ failed to properly evaluate the claimant's fibromyalgia," but she never makes it clear what the administrative law judge failed to do. Although she says that the administrative law judge failed to comply with SSR 96-7p and 96-8p, she does not point to particular requirements in these rulings that the administrative law judge violated. Instead, she says generally that the administrative law judge did not consider all of the subjective symptoms that she had reported. Thus, plaintiff's argument seems to be less about compliance with

rulings and more about the administrative law judge's credibility determination. However, plaintiff does not challenge that determination expressly, let alone develop an argument on that issue. In particular, she does not address the administrative law judge's conclusion that her credibility was undermined by her repeated noncompliance with suggested treatments and prescribed medications and the inconsistencies between her alleged limitations and the activities she is able to perform.

Plaintiff's potentially strongest argument is one that she mentions only in passing, which is that the administrative law judge did not appreciate that an impairment such as fibromyalgia waxes and wanes, so that a person with the condition may be capable of doing more on some days and less on others. Cf. Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012) (administrative law judge erred in finding that plaintiff's ability to engage in certain activities undermined her credibility without considering evidence that plaintiff had "good days" and "bad days"). Even if plaintiff had developed this argument, it is unlikely that it could have carried the day for her. Although the variability of fibromyalgia might help explain why plaintiff was able to engage in some activities, it does not help explain the chiropractor's finding that plaintiff *never* could lift even ten pounds or plaintiff's failure to comply with treatment recommendations. Accordingly, I conclude that plaintiff has not shown that the administrative law judge erred in denying her claim.

## ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of

court is directed to enter judgment in favor of the commissioner and close this case.

Entered this 21st day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge